

FILED
U.S. DISTRICT COURT

2006 SEP 28 P 2: 46

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

LEOPOLDO RODRIGUEZ, :
:
Petitioner, :
:
vs. : CIVIL ACTION NO.:CV206-075
:
JOSE M. VASQUEZ, :
:
Respondent. :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Leopoldo Rodriguez ("Rodriguez"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Rodriguez filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

After a jury trial, Rodriguez was convicted[1] in the Southern District of Florida on one count of conspiracy to possess with intent to distribute, in violation of 21 U.S.C. § 846, and two counts of possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Rodriguez was sentenced to 235 months' imprisonment. (Pet., p. 2.) Rodriguez filed an appeal, and the Eleventh Circuit Court of Appeals affirmed. Rodriguez

---

[1] Rodriguez's criminal case was not accessible via PACER, and, as a result, the Court has relied on Rodriguez's recitation of his criminal proceedings.

AO 72A
(Rev. 8/82)

filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The Southern District of Florida denied this motion. (Pet., p. 6.)

In the instant petition, Rodriguez asserts that the Southern District of Florida court disregarded his mental health status. Rodriguez also asserts that the Government was able to garner a conviction in his criminal case by presenting testimony which was known to be perjured. Rodriguez further asserts that he received ineffective assistance of counsel at trial. Respondent avers that Rodriguez's petition should be dismissed because Rodriguez has not shown that he is entitled to use section 2255's savings clause to proceed under § 2241. (Mot., p. 3.)

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, a motion collaterally attacking a conviction is filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255, ¶ 5 (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the §

2

2255 remedy. Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969).[2]

Rodriguez has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. He asserts that the remedy afforded under section 2255 is inadequate or ineffective to challenge the legality of his detention because "the remedy was accurate, direct, and true the reason it was denied is unknown." (Pet., p. 7.)

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and petitioner is barred from filing successive petition); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where petitioner was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 petition or unreasonably delayed consideration of petition); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

AO 72A
(Rev. 8/82)

applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Rodriguez has failed to present evidence that his claims are based on a retroactively applicable Supreme Court decision or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. In fact, Rodriguez made these exact claims in his previously filed section 2255 motion. (Pet., p. 3.) Simply because Rodriguez was unsuccessful in this previously filed § 2255 motion, the remedy afforded by section 2255 cannot be deemed to be inadequate or ineffective to challenge the legality of his detention. In short, Rodriguez has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244.

Rodriguez cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Rodriguez is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

4

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 6) be **GRANTED** and that Rodriguez's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 28th day of September, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

5